DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SCHOOL BOARD OF PALM BEACH COUNTY,**
Appellant,

v.

**CORENE D. EDWARDS,** individually, and as Parent
and Natural Guardian of **Q.E.,** a minor,
Appellee.

No. 4D20-1476

[September 29, 2021]

Appeal of nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Lisa S. Small, Judge; L.T. Case No. 502016CA008072XXXXMB.

Sean Fahey, Office of General Counsel, West Palm Beach, for appellant.

Julie H. Littky-Rubin of Clark, Fountain, La Vista, Prather & Littky-Rubin, LLP, West Palm Beach, for appellee.

KUNTZ, J.

The School Board of Palm Beach County appeals a non-final order denying its motion for summary judgment based on sovereign immunity. We reverse.

A child was hit by a motor vehicle while crossing the road to reach her school bus stop. A lawsuit was filed on behalf of the child against the school board. The school board filed a motion for summary judgment based on sovereign immunity. In response to the motion, the child argued the school board created a foreseeable zone of risk through either its placement of the bus stop or its unclear communication of the stop's location. The court denied the motion for summary judgment.

This case is like our decision in *Francis v. School Board of Palm Beach County*, 29 So. 3d 441, 442 (Fla. 4th DCA 2010). In that case, a lawsuit was filed against the school board after a child was killed while walking across the street to a bus stop. *Id.* We wrote that "[a] governmental entity that creates a known, dangerous condition which might not be readily

apparent, and has knowledge of the presence of people likely to be injured, has a duty to avert the danger or properly warn those who might be injured." *Id.* at 444 (citations omitted). But, we explained that "the duty to warn is limited and arises only where the dangerous condition is 'so serious and so inconspicuous . . . that it virtually constitutes a trap.'" *Id.* (quoting *Dep't of Transp. v. Konney*, 587 So. 2d 1292, 1299 (Fla. 1991) (Kogan, J., concurring)). We concluded that the school board did not create the busy roadway and that the busy roadway was "not so inconspicuous that it virtually constitutes a trap." *Id.*

As in *Francis*, the school board did not have a duty to warn because it did not create the busy roadway. Moreover, the child was not in the custody of the school board when the accident occurred. The accident occurred while the child was trying to reach her school bus stop. *Id.* ("The school board does not have custody or control over students while they are *en route* to their bus stops; that control rests solely with the students' parents or guardians."). Therefore, the child was outside the school board's duty of care. *Harrison v. Escambia Cnty. Sch. Bd.*, 434 So. 2d 316, 319 (Fla. 1983).

Without a duty, there can be no action in negligence. So we need not reach the question of whether sovereign immunity bars the suit.

We reverse the court's order denying summary judgment and remand for the court to grant summary judgment in favor of the school board.

*Reversed and remanded.*

GROSS and MAY, JJ., concur.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***

2